UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CELESTINO G. ALMEDA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:17-cv-2641 (TSC) |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Celestino G. Almeda has sued Defendants U.S. Department of Education ("ED") and U.S. Department of Veterans Affairs ("VA") seeking to compel responses to his three Freedom of Information Act ("FOIA") requests. Pending before the court are Defendants' Motion for Summary Judgment (ECF No. 32 ("Defs. MSJ")), and Almeda's Cross-Motion for Summary Judgment (ECF No. 34 ("Pl. MSJ"). For the reasons set forth below, the court will GRANT Defendants' motion for summary judgment and DENY Almeda's cross-motion for summary judgment.

### I. BACKGROUND

Almeda is a veteran who served during World War II as a guerrilla fighter against the Japanese occupation of the Philippines. (ECF No. 1 ("Compl.") ¶ 2.) In response to Rescission Acts in 1946 that prevented Filipino veterans from accessing United States veterans' benefits, and other continuous barriers to those benefits, Almeda has long advocated for proper recognition and compensation of Filipino veterans. (*Id.* ¶ 3.) On October 16, 2017, Almeda submitted FOIA

1

requests to the VA and ED for documents related to an Interagency Working Group established to analyze the barriers faced by Filipino veterans in obtaining compensation for their service. (*Id.* ¶¶ 26, 33, 41.) Receiving no timely response to his FOIA requests, Almeda brought this suit on December 8th, 2017. (*Id*. ¶¶ 51–55.) Since that time, Defendants have satisfied portions of Almeda's requests, such that the remaining dispute presents only two narrow questions: whether the VA improperly withheld 19 Bates page ranges and whether the ED improperly withheld 10 Bates page ranges.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "An issue is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* Courts must view "the evidence in the light most favorable to the non-movant[ ] and draw[ ] all reasonable inferences accordingly," and determine whether a "reasonable jury could reach a verdict" in the non-movant's favor. *Lopez v. Council on Am.–Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

### B. FOIA

FOIA cases are typically and appropriately decided on motions for summary judgment. *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). "FOIA

2

provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Wash. ("CREW") v. U.S. Dep't of Justice*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). FOIA requires that federal agencies comply with requests and make their records available to the public unless such "information is exempted under [one of nine] clearly delineated statutory [exemptions]." *Crew*, 602 F. Supp. 2d at 123; *see also* 5 U.S.C. §§ 552(a)–(b). The district court conducts a *de novo* review of the agency's decision to withhold requested documents under any of FOIA's specific statutory exemptions. *See id.* § 552(a)(4)(B). The burden is on the government agency to show that nondisclosed, requested material falls within a stated exemption. *See Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)).

In cases where the applicability of certain FOIA exemptions is at issue, agencies may rely on supporting declarations that are reasonably detailed and non-conclusory. The declarations must provide enough information "to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *King v. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union ("ACLU") v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). However, a motion for summary judgment should be granted in favor of the FOIA requester where "an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." *Coldiron v. U.S. Dep't of Justice*, 310 F. Supp. 2d 44, 48 (D.D.C. 2004) (quoting *Petroleum Info. Corp.*, 976 F.2d at 1433).

III.     ANALYSIS

Defendants raise several bases for their withholdings, only some of which Almeda contests. Although "a motion for summary judgment cannot be 'conceded' for want of opposition," *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016), "this does not mean . . . that the Court must assess the legal sufficiency of each and every exemption invoked by the government in a FOIA case." *Shapiro v. U.S. Dep't of Justice*, 239 F. Supp. 3d 100, 106 n.1 (D.D.C. 2017). Instead:

> Where the FOIA requester responds to the government's motion for summary judgment without taking issue with the government's decision to withhold or to redact documents, the Court can reasonably infer that the FOIA requester does not seek those specific records or information and that, as to those records or information, there is no case or controversy sufficient to sustain the Court's jurisdiction.

*Id.* Accordingly, the court will address only Plaintiff's arguments in response to Defendants' motion for summary judgment.

### A. <u>Withholdings by the Department of Veterans Affairs</u>

Almeda contests the VA's invocation of Exemption 5, its assertion that it has made all reasonable segregations, and its withholding the names of non-senior employees.

1. <u>Exemption 5 Withholdings</u>

Exemption 5 shields documents that would "normally [be] privileged from discovery in civil litigation against the agency," such as documents protected by the attorney-client, work-product, and deliberative process privileges. *Tax Analysts v. IRS*, 117 F.3d 607, 616 (D.C. Cir. 1997). To withhold a document under Exemption 5, the "document must meet two conditions: [1] its source must be a Government agency, and [2] it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Stolt-Nielsen Transp. Grp. Ltd. v. U.S.,* 534 F.3d 728, 733 (D.C. Cir. 2008) (citations and internal quotation

marks omitted). There is no dispute that the first condition is met; the parties' dispute is directed to the second condition.

The VA withheld the contested Bates page ranges, or portions thereof, on the basis that they are protected by the deliberative process privilege or the attorney-client privilege or both. (Defs. MSJ at 13.)[1] Almeda argues that neither privilege applies, and therefore Exemption 5 does not apply.[2] To resolve such a dispute, a court must decide whether the "agency's affidavit describes the justifications for withholding the information with specific detail," and "demonstrates that the information withheld logically falls within the claimed exemption." *ACLU*, 628 F.3d at 619 (citations omitted). If the affidavit meets these requirements, the agency is entitled to summary judgment unless the record includes "contrary evidence" or "evidence of the agency's bad faith." *Id.*

The VA's Declaration from Michael Davis, and the *Vaughn* index attached thereto, describe the contents of each contested Bates page range and assert that each falls under the deliberative process privilege because it relates to the process of drafting a blog post about the work of the IWG. (ECF No. 32-3 ("Davis Decl.") at 6–11.) The Declaration also asserts that some emails were protected not only by the deliberative process privilege, but also by the attorney-client privilege, because they involved consultation with lawyers about accurate statements of law. (*See* Defs. MSJ at 15.) Almeda contests the presence of both privileges, (ECF No. 39 ("Pl. Reply") at 3–4), but this

---

[1] When citing electronic filings throughout this opinion, the court cites to the ECF page number, not the page number of the filed document.

[2] Based on the chart provided in Almeda's motion, he appears to contest the applicability of Exemption 5 as to 18 of the 19 contested Bates page ranges. For some entries, Almeda explicitly contests the applicability ("attorney-client privilege unsupported") but for others, he only does so implicitly ("email chain sent interagency and includes non-attorneys.") (Pl. MSJ at 15–17.)

5

court need not reach the issue of attorney-client privilege because the relevant material is protected by the deliberative process privilege.

Materials are protected by the deliberative process privilege if they are both "predecisional" and "deliberative." *Mapother v. Dep't of Justice,* 3 F.3d 1533, 1537 (D.C. Cir. 1993). The privilege has been held to protect "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy,* 617 F. 2d 854, 866 (D.C. Cir. 1980). Here, each of the contested Bates page ranges is predecisional and deliberative because each relates to the drafting process of a blog post. (Davis Decl. at 6–11.) In his Reply, Almeda provided an email and attachment that the VA withheld, but that he nonetheless obtained, and argues that its contents are not deliberative. (Pl. Reply at 2–4). The court disagrees. "The deliberative process privilege protects not only the content of drafts, but also the drafting process itself." *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 161 F. Supp. 3d 120, 132 (D.D.C. 2016). The email in question describes the timing of the publication, the draft at a particular stage in the process, and the roles played by various members in the drafting process. The email and associated attachment are thus protected because they represent the "content[s] of drafts" and "the drafting process itself." *Id.*[3]

Finding that the VA "describes the justifications" for withholding the contested documents and "demonstrates that the information withheld logically falls within" Exemption 5, and finding that there is no "contrary evidence" or "evidence of the agency's bad faith," the court thus finds that

---

[3] Almeda also notes that a draft can lose its predecisional status if it is adopted as the position of the agency. *See, e.g., Arthur Andersen & Co. v. IRS*, 678 F.2d 254, 257-58 (D.C. Cir. 1980). Here, however, the comments in the margins of the relevant draft indicate that it was not the final version adopted by the agency.

the VA has sufficiently established that the withheld material properly falls within Exemption 5. *ACLU*, 628 F.3d at 619 (citations omitted).

2. Failure to Segregate

Almeda also argues that even if Exemption 5 applies, the VA failed to segregate and disclose non-exempt information from each of the 20 contested Bates page ranges. (Pl. MSJ at 15–17.) The VA's Davis Declaration states that Davis "performed a line-by-line for segregable information and that all reasonably segregable nonexempt material has been released." (Davis Decl. at 15.) Almeda argues that this cannot be the case, because the email and attachment he obtained (that otherwise remains withheld) includes what he considers to be "segregable, factual content." (Pl. Reply at 3.)

In resolving disputes about the release of segregable information, "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by a some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). Moreover, courts in this district have made clear that "[a]ny effort to segregate the factual portions of the drafts, as distinct from their deliberative portions, would run the risk of revealing editorial judgments." *Competitive Ent. Inst.*, 161 F. Supp. 3d at 132. This is because such a disclosure could reveal "decisions to insert or delete material or to change a draft's focus or emphasis." *Id.* Thus, because disclosure of the factual material could reveal deliberative judgments, the court finds that withholding this material does not violate the VA's obligation to disclose reasonably segregable material.

3. Names of Non-Senior Employees

Almeda argues that "there is no explanation as to why certain names . . . have been redacted." (Pl. MSJ at 17.) He specifically points to names redacted in Bates page ranges 226–233, 277–279, 322–325, and 347–351. (*Id.* at 16–17.) Defendants claim that the redactions are

7

authorized by Exemption 6 because they prevent the disclosure of the names of "nonsenior government employees" who "have a privacy interest in preventing their identities from being disclosed to the public." (ECF No. 37 ("Defs. Reply") at 2.) However, the court need not reach the issue of whether the names are properly withheld under Exemption 6 because it finds they are properly withheld under Exemption 5. The D.C. Circuit has held that "[i]f agency records are indeed deliberative, it is appropriate to apply Exemption 5 to the documents themselves, as well as to the names of their authors." *Brinton v. Dep't of State,* 636 F.2d 600, 604 (D.C. Cir. 1980); *see also Pub. Citizen, Inc. v. U.S. Dep't of Educ.,* 388 F. Supp. 3d 29, 44 (D.D.C. 2019) ("Because the emails are protected under the deliberative process privilege, the Court finds that the identity of the author of those emails . . . is also protected"); *Aaron v. U.S. Dep't of Justice,* No. 09-00831 (HHK), 2011 WL 13253641, *8 (D.D.C. July 15, 2011) ("This Circuit has recognized that if a document is deliberative in nature, the identity of the author is also privileged.") Because the underlying documents are indeed deliberative, and because the redacted names are those of the authors of those deliberative documents, the court finds that the names were properly withheld.

## B. Withholdings by the Department of Education

Almeda argues that ED improperly withheld information contained in attachments to emails and that it failed to segregate non-exempt information.

1. Attachments

Almeda argues that Defendants offer no reason "why attachments undoubtedly associated with these emails are not included in the Bates ranges of withholdings." (Pl. MSJ at 19.) Defendants respond that "all documents with withheld information are included on ED's *Vaughn* index."[4] (Defs. Reply at 3.) Moreover, the Declaration supplied by Defendants indicates that the

---

[4] "A *Vaughn* index describes the documents withheld or redacted and the FOIA exemptions invoked, and explains why each exemption applies." *Prison Legal News v. Samuels,* 787 F.3d 1142,

8

*Vaughn* index includes all the records that were withheld. (ECF No. 32-4 ("Siegelbaum Decl.")) ¶ 15.) Declarations of agencies are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted). Because Almeda provides no explanation for the assertion that there are documents excluded from the *Vaughn* Index, and further provides no evidence to support such an assertion, the court finds that ED properly included all withheld information on the *Vaughn* Index.[5]

2. <u>Segregable Information</u>

Almeda argues that ED "failed to release segregable information" in 10 Bates page ranges. (Pl. MSJ at 17-18.) Defendants point to the Siegelbaum Declaration, which asserts that "no portion of the withheld sections can be reasonably segregated and released." (Siegelbaum Decl. at ¶ 21.) As noted above, "agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman,* 494 F.3d at 1117. Here, Almeda merely asserts that ED failed to release

---

1145 n.1 (D.C. Cir. 2015) (citing *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973); *Keys v. U.S. Dep't of Justice,* 830 F.2d 337, 349 (D.C. Cir. 1987)).

[5] The documents that Almeda does provide—the email and attachment he obtained despite both being withheld—show that at least in that instance, the *Vaughn* Index does properly include the attachment to the email, given that the page range listed in the index (1064-1084) encompasses the pages of the attachment. (Pl. Reply at 2.)

segregable information without providing any evidence in support thereof.⁶ Accordingly, the court finds that ED complied with the obligation to disclose reasonably segregable material.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be GRANTED and Almeda's cross-motion for summary judgment will be DENIED. A corresponding Order will issue separately.

Date: February 7, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

⁶ Moreover, as discussed above, "[a]ny effort to segregate the factual portions of the drafts, as distinct from their deliberative portions, would run the risk of revealing editorial judgments—for example, decisions to insert or delete material or to change a draft's focus or emphasis." *Competitive Ent. Inst.*, 161 F. Supp. 3d at 132 (internal citations omitted).