# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-5087**  September Term, 2019

1:17-cv-02641-TSC

Filed On: August 18, 2020

Celestino G. Almeda,

   Appellant

 v.

United States Department of Education and
United States Department of Veterans Affairs,

   Appellees

  **BEFORE:** Henderson, Tatel, and Katsas, Circuit Judges

## O R D E R

 Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

 **ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). On appeal, appellant challenges only the government's withholdings as to the drafts of the July 9, 2013 blog post and emails related to those drafts.

 As to the material withheld under the deliberative process privilege in Exemption 5 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5), the government has shown that its withholdings are justified. Although the disputed documents may contain some factual material, "the legitimacy of withholding does not turn on whether the material is purely factual in nature or whether it is already in the public domain, but rather on whether the selection or organization of facts is part of an agency's deliberative process." Ancient Coin Collectors Guild v. Dep't of State, 641 F.3d 504, 513 (D.C. Cir. 2011). Here, the drafts and corresponding emails were part of a deliberative process, spanning several months, during which the government summarized the benefits process for Filipino veterans from a large universe of facts. See id.; Nat'l Sec. Archive v. CIA, 752 F.3d 460, 465 (D.C. Cir. 2014) ("In producing a draft agency history, the writer necessarily must cull

# United States Court of Appeals
### For The District of Columbia Circuit

**No. 20-5087**                      **September Term, 2019**

the relevant documents, extract pertinent facts, organize them to suit a specific purpose, and identify the significant issues. . . . In doing so, the selection of the facts thought to be relevant is part of the deliberative process; it necessarily involves policy-oriented judgment.") (internal citations and quotation marks omitted).  And the factual material cannot be reasonably segregated.  Id.

Additionally, the record does not support appellant's argument that the government adopted the draft blog posts he seeks or used them in its dealings with the public.  See Judicial Watch, Inc. v. Dep't of Def., 847 F.3d 735, 739 (D.C. Cir. 2017) ("To adopt a deliberative document . . . the agency must make an '*express*[ ]' choice to use a deliberative document as a source of agency guidance.") (internal citation omitted) (emphasis in original).  Accordingly, the drafts have retained their predecisional status.

As to appellant's argument regarding the redactions of names of non-senior employees within the deliberative documents, the government has demonstrated that those withholdings fit within Exemption 6, 5 U.S.C. § 552(b)(6).  Almeda has failed to identify any public interest that would be served by disclosure of the redacted names.  See Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 34 (D.C. Cir. 2002).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                   **FOR THE COURT:**
                                     Mark J. Langer, Clerk

                 BY:      /s/
                                     Manuel J. Castro
                                     Deputy Clerk